S. GILMAN BROWN *et al. vs.* RICHARD J. BARKER *et al.*

NEWPORT—JUNE 21, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Town elections in the town of Tiverton are to be holden under Pub. Laws R. I. cap. 1432, passed February 14, 1895, and in such elections the provisions of this chapter are to be followed rather than those of Gen. Laws R. I. cap. 39, § 12, in so far as those chapters make different provisions relating to the same matters.

Hence the numbering of the names of the several candidates on the ballot for members of the town council of this town is not essential to the validity of such ballot.

PETITION IN EQUITY in the nature of a *quo warranto* on facts fully stated in the opinion.

MATTESON, C. J. This is a petition in equity, under Gen. Laws R. I. cap. 263, in the nature of a *quo warranto*, to

determine the title of the respondents to their offices as members of the town council of Tiverton.    The ground of the petition is that a large number of ballots, bearing the names of the respondents, but which were not numbered, were counted in favor of the respondents by the town council in determining the election, and that such ballots, and the counting of them, were illegal because in violation of Gen. Laws R. I. cap. 39, § 12, as follows: "In case of a ballot for members of the town council  .  .  .  .  the names shall be numbered upon the ballots, and, in counting them, the places numbered shall be considered as separate places."

The respondents contend that this provision does not apply to election of town officers in Tiverton, such election in that town being governed by Pub. Laws R. I. cap. 1432, passed February 14, 1895, entitled "An act to divide the town of Tiverton into voting districts and for other purposes," section 7 of which provides for the printing of the names of the town council on the same ballot, but does not require them to be numbered.    They point out that this act differs in several particulars from Gen. Laws R. I. cap. 39.    For instance, by cap. 1432 the town council shall consist of five members; by cap. 39 it shall consist of not less than three nor more than seven, to be determined at the town-meeting.    By cap. 1432 they must be elected by ballot; by cap. 39 they may be elected by ballot.    By cap. 1432 the names of all officers to be balloted for must be on one ballot; by cap. 39 they need not be, but in certain cases—those of moderator and clerk—there must be a separate ballot, and the ballots for justices of the peace and members of the town council must be separate. They argue that, as cap. 39 and cap. 1432 are so inconsistent, they cannot be construed together, and, consequently, in the particulars in which they differ, cap. 1432 abrogates cap. 39, so far as the town of Tiverton is concerned, and constitutes a special law for the government of town elections in that town.

We think that there is force in these contentions, and we therefore decide that the ballots cast for the respondents were not illegal and were properly counted by the town council.

Petition denied and dismissed.

*Charles E. Gorman*, for petitioners.

*Richard B. Comstock*, *Rathbone Gardner*, and *William P. Sheffield, Jr.*, for respondents.